# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAUTUM IJOOR,**<br><br>Plaintiff,<br><br>v.<br><br>**CONSUMMATE COMPUTER CONSULTANTS SYSTEMS, LLC,** *et al.***,**<br><br>Defendants**.** | Civil Action No. 15-1292 (ESH) |

## MEMORANDUM OPINION AND ORDER

Defendant Consummate Computer Consultants Systems, LLC moves for leave to amend its answer to assert counterclaims. The Court grants defendant's motion after consideration of defendant's Motion for Leave to Amend Answer to Assert Counterclaim, the Memorandum of Law submitted in support, plaintiff's opposition thereto, and each parties' supplemental briefing.

## DISCUSSION

In the present case, the parties jointly proposed September 15, 2016 as the deadline for amendment to pleadings, which the Court accepted. (Order, Sept. 8, 2016, ECF No. 22.) Under Federal Rule of Civil Procedure 16(b)(4), "[a] scheduling order may be modified only for good cause and with the judge's consent." "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008). "Additionally, if the moving party establishes that she acted diligently, she must also show that there is a lack of prejudice to the opposing party." *Lovely-Coley v. D.C.*, No. CV 12-1464 (RBW), 2017 WL

2533339, at *3 (D.D.C. June 9, 2017).

Defendant seeks to amend its answer to assert counterclaims based on plaintiff's conduct which may have violated non-compete provisions of employment agreements between defendant and plaintiff. During discovery, in September 2016 and January 2017, defendant had issued to plaintiff, on two separate occasions, various discovery requests seeking information and documents concerning any business activities plaintiff may have engaged in outside of his employment with C3 Systems both during the time of his employment and after. (Def.'s Mem. in Reply to Pl.'s Opp. to Def.'s Mot. at 4, ECF No. 37 ("Def.'s Reply").) Plaintiff objected to producing such documents. (*Id.* at 4–5.) Defendant discovered most of the relevant information forming the basis for its new counterclaims during discovery when it was conducting witness interviews. (*Id.* at 5.). Defendant filed the instant motion within a month of learning the new information.

Defendant acted diligently by filing the instant motion within a month of learning information giving rise to its reason for amendment. *Cf. Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 156 (D.D.C. 2016); *see also United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 137 (D.D.C. 2012). Furthermore, plaintiff will not be prejudiced by defendant's amendment. Discovery has not concluded and defendant notes that it "would consent to an extension of the discovery period to allow plaintiff additional time to complete the necessary discovery." (Def.'s Reply at 5); *see Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 80 (D.D.C. 2009).

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that defendant's Motion for Leave to Amend Answer to Assert Counterclaim

is **GRANTED**; it is further

**ORDERED** that Amended Answer and Counterclaim attached to defendant's Motion is **ACCEPTED** for filing as of the date of this Order and should be docketed as such; and it is further

**ORDERED** that plaintiff shall file his responsive pleading on or before **September 22, 2017**.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 8, 2017

Copies to:

Sundeep Hora, Esq.
Eric W. Gunderson, Esq.
Magistrate Judge Meriweather

3